UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 2:14-cr-16

v.

HON. PAUL L. MALONEY

ANTHONY PETER GIOVANONI,

    Defendant.
_____/

## **OPINION**

Before the Court is Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (ECF No. 353) and supplement thereto (ECF No. 354). The Government has filed a response (ECF No. 382) arguing that the motion should be denied. The Court agrees with the Government.

### **I. Background**

In 2014, a grand jury charged Defendant Anthony Peter Giovanoni and three other individuals with conspiracy to distribute methamphetamine. The grand jury determined that Defendant was responsible for conspiracy to distribute 50 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(B)(viii). (Second Superseding Indictment, ECF No. 68, PageID.225-226.)

In February 2015, Defendant pleaded guilty to the charge against him. In the plea agreement, Defendant agreed to cooperate with the Government and the Government agreed not to oppose a two-level reduction in his offense level for acceptance of responsibility, or to bring

additional charges against him for his drug trafficking activity. It also agreed to file a motion for downward departure or reduction of his sentence if he provided substantial assistance to the Government in its prosecution of others.

Before sentencing, the final presentence investigation report ("Final PIR") calculated Defendant's range of sentence under the Sentencing Guidelines as 168 to 210 months, based on an offense level of 31 and a criminal history score of V. (Final PIR, ECF No. 218, PageID.782.) The Government asked the Court to make a downward departure due to Defendant's cooperation, reducing his range of sentence to 120 to 150 months. (ECF No. 229, PageID.833.)

On July 23, 2015, United States District Judge R. Allan Edgar granted the downward departure and sentenced Defendant to a term of 120 months, at the bottom of the adjusted guidelines range.

Defendant's two-page motion and supplement raise the following grounds for relief: (1) Defendant "was told" that his sentence had a five year statutory minimum, but a law library clerk told him that it has 10 year mandatory minimum; (2) Defendant is entitled to a "minimum/minor rol[e] adjustment," and his attorney should have asked for one; and (3) Defendant's attorney provided inadequate assistance. (§ 2255 Motion, ECF No. 353; Suppl. to § 2255 Motion, ECF No. 354.)

## II. Standards

### A. Merits

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of

constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

### B. Hearing

The court must hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255(b). No hearing is required if Defendant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quotation omitted).

### III. Analysis

#### A. Information about sentence

Defendant claims that he was told that his sentence had a five-year mandatory minimum, but a law library clerk told him that there was a ten-year mandatory minimum on his sentence. Only the first statement is accurate.

Before Defendant entered his plea, the Court accurately informed him that he faced a "maximum penalty" of 40 years in prison, and a "mandatory minimum period of incarceration of five years," and Defendant acknowledged that he understood these terms. (Plea Hr'g Tr. 5-6,

3

ECF No. 350.) Those are the minimum and maximum sentences for Defendant's offense, a crime involving "50 grams or more of *a mixture or substance containing a detectable amount of* methamphetamine[.]" 21 U.S.C. § 841(b)(1)(B)(viii) (emphasis added).

The law library clerk may have mistakenly looked at the minimum and maximum sentences for a crime involving "50 grams or more of methamphetamine," under 21 U.S.C. § 841(b)(1)(**A**)(viii). That offense carries a minimum sentence of 10 years, but it is not the crime to which Defendant pleaded guilty.

In any event, it is clear that Defendant received accurate information about his sentence before he entered his plea. Thus, his assertion does not provide a basis for relief.

### B. Role adjustment

Defendant believes that he is entitled to a "minimum/minor" role adjustment, presumably referring to the adjustment in § 3B1.2 of the Guidelines for individuals with a minimal or minor role in criminal activity. However, Defendant received this adjustment. The Court reduced his offense level by two points for his minor role, as recommended by the Final PIR. (*See* Final PIR, PageID.775; *see also* Sentencing Tr. 3, ECF No. 248 (calculating Defendant's total offense level before departure as 31, which is consistent with the calculation in the Final PIR).) It was not necessary for his attorney to request this adjustment because the PIR recommended it, the Government did not object to it, and the Court accepted it. Defendant does not indicate what else his attorney should have done.

### C. Ineffective assistance of counsel

Defendant identifies several perceived deficiencies in his attorney's representation of him. Defendant asserts that his attorney (1) "failed to fight for . . . reductions in Court"; (2) "failed to file any motions . . . for post-conviction relief"; (3) did not send Defendant a notice of appeal "within appropriate time from sentencing"; (4) did not conduct a "thorough

4

investigation" of Defendant's criminal history; (5) failed to mention "reductions in [Defendant's] criminal history level which [he] should have received because the points are overrepresenting the seriousness of [his] criminal history"; (6) failed to acknowledge a "list of motions" that Defendant wanted him to file; and (7) failed to respond to Defendant's letters or calls "in a timely fashion." (Suppl. to § 2255 Motion, ECF No. 354.) The Court generously construes Defendant's motion as claiming that his attorney provided ineffective assistance in violation of Defendant's rights under the Sixth Amendment.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, Defendant must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Id.* at 687-92. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. Even if a court determines that counsel's performance was outside that range, Defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

The two-part *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Regarding the first prong, the court applies the same standard articulated in *Strickland* for determining whether counsel's performance fell below an objective standard of reasonableness. *Id.* In analyzing the prejudice prong, the focus is on whether counsel's constitutionally deficient performance affected the outcome of the plea process. "[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. at 59.

Defendant's assertions do not warrant relief because they are vague and conclusory. Defendant contends his attorney should have taken certain actions, but Defendant provides no specific facts that would suggest unreasonable performance by counsel or prejudice. For instance, Defendant does not indicate what motions his attorney should have filed, what reductions he should have argued, what he should have investigated about Defendant's criminal history, or why Defendant's criminal history score overrepresents his criminal history. Also, Defendant does not indicate what he means by his attorney's alleged failure to respond to telephone calls and letters in a "timely" fashion, or how this failure could have had any impact on the outcome of Defendant's case. There is, thus, no basis for the Court to conclude that these deficiencies meet the *Strickland* standard for ineffective assistance of counsel.

Defendant also contends that his attorney did not send him a notice of appeal within an "appropriate" time after sentencing, though it is not clear what Defendant means by this. The record indicates that Defendant did not file an appeal. In its response, the Government notes that Defendant does not allege circumstances that might give rise to an ineffective-assistance claim. For instance, Defendant does not contend that he directed his attorney to file an appeal but his

attorney failed to do so, or that his attorney failed to consult with him about filing an appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477-78, 480 (2000) (noting that it is unreasonable for counsel to not file an appeal after directed to do so by the defendant, and holding that counsel has a duty to "consult" with the defendant about an appeal when "there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing").

The Court gave Defendant an opportunity to provide more information about this claim, but he has not done so. After the Government filed its response highlighting the deficiencies in Defendant's claims, the Court instructed Defendant to file an affidavit because his assertion about the notice of appeal "is capable of multiple constructions, and without further information, the Court cannot assess whether [Defendant] has raised a legitimate claim for relief under § 2255." (Order, ECF No. 385.) The Court gave Defendant a deadline of July 18, 2019, to file the affidavit. Several months have passed since that deadline and Defendant has not responded to the Court's order. Accordingly, Defendant has not met his burden of showing that he received ineffective assistance of counsel.

### IV. Conclusion

For the reasons stated, Defendant has not alleged facts that would give rise to a valid claim for relief. Moreover, no evidentiary hearing is required because the claims in the motion are meritless on their face, conclusory, and/or contradicted by the record. Accordingly, the motion under § 2255 will be denied.

Under 28 U.S.C. § 2253(c), the Court must determine whether to issue a certificate of appealability. A certificate should issue if the movant has demonstrated "a substantial showing

of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved of issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Under *Slack*, to warrant a grant of the certificate, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484.

The Court has carefully considered the issues in this matter and finds that reasonable jurists could not find that this Court's denial of Defendant's claim was debatable or wrong. Thus, a certificate of appealability will be denied.

The Court will issue an order and judgment consistent with this Opinion.


Dated:   October 15, 2019                         /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  United States District Judge